**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LIONEL RUTHERFORD,** ) | **Case No. 1:08-CV-1180** |
| ) | **(1:06-CR-272)** |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **JUDGE ANN ALDRICH** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | **MEMORANDUM AND ORDER** |
| ) | |
| ) | |

Before the court is *pro se* petitioner Lionel Rutherford's ("Rutherford") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docket No. 164], as well as the defendant United State of America's (the "government") response in opposition [Docket No. 174]. For the following reasons, the court denies Rutherford's motion for relief. Further, because he has not made a substantial showing of the denial of any constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B), that an appeal from this order would not be well taken.

**I. Background**

On March 21, 2001, in a previous case [Case No. 1:01CR130], Rutherford was indicted by a federal grand jury for conspiracy, making, uttering and possessing counterfeit securities, and bank fraud. On September 10, 2001, he was sentenced to 35 months of imprisonment, to be followed by five years of supervised release. He was released from custody on February 27, 2004, at which time he began his period of supervised release. He then violated the conditions of his supervised release and was sentenced on January 18, 2006 to one year and one day of imprisonment for the violation.

On June 1, 2006, Rutherford was indicted by a federal grand jury, in the criminal case at issue [Case No. 1:06CR272], on a single count of bank fraud and aiding and abetting. At that time

he was still serving his sentence for his supervised release violation. He arrived at the Northern District of Ohio on June 20, 2006, pursuant to a *writ of habeas corpus prosequendum* and was then incarcerated at the Northern Ohio Correction Center in Youngstown. On June 23, 2006, Rutherford was arraigned and at that time he waived his right to a detention hearing and was ordered detained.

On November 20, 2006, Rutherford completed his term of imprisonment for the supervised release violation. Then on December 6, 2006, pursuant to a written plea agreement, he pled guilty to the sole count of the indictment in the instant criminal case. On March 7, 2007, Rutherford was sentenced by this court to 27 months of imprisonment, followed by five years of supervised release. Rutherford did not file a direct appeal.

On May 12, 2008, Rutherford filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He alleges that the Bureau of Prisons failed to properly calculate his credit for the time that he served. Specifically, he argues that he should be given credit for the time served from June 23, 2006, the date of his arraignment in the criminal case at issue, to December 6, 2006, the date that he entered his guilty plea to the bank fraud and aiding and abetting charge in the criminal case at issue.

**II. Standard**

Section 2255 of Title 28 of the United States Code, provides that a prisoner who was sentenced by a federal court may file a motion in the "court which imposed the sentence to vacate, set aside, or correct the sentence." *Hill v. United States*, 368 U.S. 424, 426 (1962). One is entitled to relief under that section if he or she can show: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that

the sentence "is otherwise subject to collateral attack." *Id.* In order to prevail on such a motion, the petitioner must demonstrate the grounds for relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The court in *Acosta*, however, emphasized the difference between claims that collaterally attack a conviction or sentence from those that go to the validity of the guilty plea. *Id.* Waivers pursuant to a plea agreement are not enforceable when the defendant successfully argues that his plea was not knowing or voluntary or was the product of ineffective assistance of counsel. *Id.*

**III. Discussion**

Rutherford waived his right to file a section 2255 motion, and thus to collaterally attack his sentence, in his plea agreement with the government.[1] Rutherford has not alleged that his plea

---

[1] The Plea Agreement provides:
> 12. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The Defendant expressly waives those rights, except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to the Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

(Plea Agreement at 6).

agreement, and thus his waiver, was entered into unknowingly, involuntarily, or as a result of ineffective assistance of counsel. Furthermore, all of the evidence before this court shows that Rutherford's waiver of his right to collaterally attack his sentence was voluntary and knowing. At his change of plea hearing on December 6, 2006, the court asked Rutherford a series of questions in order to confirm that his plea was voluntary and knowing. The court asked Rutherford if the government, his lawyer, or anyone else had promised him anything in order to encourage him to plead guilty, and Rutherford answered in the negative. Also, the court asked Rutherford if there had been any threats made by anyone to encourage him to plead guilty, and Rutherford answered in the negative. In light of the above, the court concluded at the change of plea hearing that "Rutherford understands the nature of the charges against him, that his plea is voluntary and intelligent, and that there is a substantial factual basis for the plea." (Transcript of Change of Plea Hearing at 9).

Accordingly, this court finds that the waiver that Rutherford entered into as part of his plea agreement was voluntary, knowing, and the product of effective assistance of counsel. Thus, the court finds that Rutherford has waived his right to collaterally attack his sentence under 28 U.S.C. § 2255 and that his instant motion must therefore be denied.

Furthermore, even if Rutherford had not entered into a valid waiver of the right to collaterally attack his sentence, his motion would still fail because the authority to determine credit for time served is not vested in this court. While 18 U.S.C. § 3585(b) entitles a defendant to credit against his federal sentence for time that is served "prior to the date the sentence commences" if that time "has not been credited against another sentence," the United States Attorney General acting through the Bureau of Prisons ("BOP"), rather than a federal court, has the authority to determine

if a defendant is eligible for credit for time served in detention prior to sentencing.[2] *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Woody v. Marberry*, 178 Fed. Appx. 468, 471 (6th Cir. 2006). In *United States v. Wilson*, the United States Supreme Court explained that the district court is unable to determine the amount of the credit at sentencing and that therefore the BOP must determine the appropriate amount as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. at 335.

A defendant-prisoner may then contest the accuracy of the BOP's computation through administrative review with the BOP. *See* 28 C.F.R. §§ 542.10-542.16. Only when the prisoner has exhausted his administrative remedies with the BOP, is he able to seek judicial review of those computations. *Paz-Zamudia v. United States*, No. 96-2031, 1998 U.S. App. LEXIS 26799, at *4 (6th Cir. Oct.15, 1998). In order to seek judicial review, the prisoner shall file a petition for habeas corpus under 28 U.S.C. § 2241, since such a petition is to be used where one is challenging the manner in which the sentence is being executed. *Id.*; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Here, Rutherford has filed a motion under 28 U.S.C. § 2255, rather than the appropriate section 2241 petition. Thus, in order to contest the credit that he was given by the BOP he must file the 28 U.S.C. § 2241 petition, but only after he has exhausted his administrative remedies with the BOP.

---

[2] While this court declines to rule on the amount of credit that Rutherford should receive, since that decision is within the discretion of the BOP, the court notes that under the plain language of 18 U.S.C. § 3585(b), a defendant-prisoner is only entitled to credit for time served when that time has not been credited against another sentence. Thus, since the time that Rutherford was serving prior to November 20, 2006 was credited toward his previous sentence, it would only be appropriate to extend Rutherford credit for the time that he served from November 20, 2006 until December 6, 2006, if he remained in custody for that entire period.

**IV. Conclusion**

For the foregoing reasons, Rutherford's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Furthermore, because Rutherford has not made a substantial showing of a violation of a constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c) that an appeal from this order would not be well taken.

IT IS SO ORDERED.

                                              *s/Ann Aldrich*
                                              ANN ALDRICH
                                              UNITED STATES DISTRICT JUDGE

Dated: <u>December 3, 2008</u>